IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                            :
RONALD J. MAZZUCA,              :
                                            :    CIVIL ACTION NO. 08-1967
          Plaintiff       :
                                            :
    vs.                          :
                                            :
U.S. SECURITY ASSOCIATES, INC.,  :
                                            :
          Defendant      :
_____ :

**HENRY S. PERKIN**                                         **March 3, 2009**
**United States Magistrate Judge**

### MEMORANDUM

       This matter is before the Court on Defendant U.S. Security Associates, Inc.'s Motion to Dismiss and Memorandum in Support for Failure to Comply with Court's Order; for Failure to Prosecute, and for Sanctions filed December 18, 2008. On January 29, 2009 and February 5, 2009, the Court held hearings to show cause why sanctions should not be imposed against Plaintiff for his failure to comply with this Court's discovery order. Having reviewed and considered the contentions of the parties as well as the transcripts of the show cause hearings, the Court is prepared to rule on this matter.

### I.   FACTUAL BACKGROUND

       Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Lehigh County, Pennsylvania, on April 15, 2008. In so doing, Plaintiff alleged wrongful termination of employment in violation of the Age Discrimination

in Employment Act of 1967, 29 U.S.C. § 621, et seq. and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff averred that he was terminated from his position as a Loss Prevention Officer on January 25, 2007, because of his age, and because he held the highest seniority of any other Loss Prevention Officers.  On April 25, 2008, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1331.

**II.   PROCEDURAL HISTORY**

On September 8, 2008, following a telephone status conference with all parties, the Court issued a Rule 16 Scheduling Order setting forth the case management deadlines. The Rule 16 Scheduling Order, as amended on September 11, 2008, provided that all discovery in the case was to be completed by December 11, 2008, and that all dispositive motions be filed and served by January 12, 2009.

On September 18, 2008, Defendant propounded its First Set of Interrogatories and First Requests for Production on Plaintiff.  After the deadline for discovery responses had passed, counsel for Defendant contacted Plaintiff's counsel regarding the outstanding discovery, but received no response. More specifically, on October 31, 2008, Defendant's counsel sent Plaintiff's counsel a letter via U.S. mail requesting responses to its multiple discovery requests.  After Plaintiff failed to respond to this letter, Defendant's counsel attempted to contact

Plaintiff's counsel via telephone on November 14, 2008. Plaintiff's counsel did not return the call and failed to provide any discovery responses.

Pursuant to the Court's procedures, Defendant sought the intervention of the Court by forwarding an informal letter motion to compel for resolution on November 24, 2008. In so doing, Defendant's counsel advised the Court that it was seeking complete responses to the written discovery it had previously propounded on Plaintiff. In addition, counsel for Defendant advised that Plaintiff had not yet submitted any Rule 26(A)(1) initial disclosures to Defendant.

Based on defense counsel's informal letter motion, a telephonic discovery conference was ordered on November 25, 2008 to be held on December 4, 2008 between the Court and both counsel. During the December 4, 2008 conference, Plaintiff's counsel admitted that no discovery responses had been served on Defendant. In addition, counsel for Plaintiff advised that, despite his attempts to contact Plaintiff, he had not heard from the Plaintiff since September 2008.

On December 4, 2008, the Court issued an Order directing Plaintiff to provide his initial disclosures and full and complete responses to Defendant's First Set of Interrogatories and First Requests for Production of Documents on or before Monday, December 15, 2008. This Order, which

referenced Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) and 37(d)(3), also advised Plaintiff that the failure to comply could result in the imposition of sanctions including, but not limited to, payment of attorney's fees and dismissal of this civil action.  On that same date, both at the request of Defendant and because of Plaintiff's failure to provide discovery in a timely fashion, the Court issued an additional Order extending all case management deadlines by sixty days.

On December 18, 2008, Defendant U.S. Security Associates, Inc.'s Motion to Dismiss and Memorandum in Support for Failure to Comply with Court's Order; for Failure to Prosecute, and for Sanctions was filed.[1]  Because of Plaintiff's continued noncompliance with discovery and the Court's December 4, 2008 Order, Defendant now moves for entry of sanctions in the form of dismissal of the Complaint in its entirety.  Defendant also seeks payment of expenses caused by Plaintiff's failure to respond to discovery and comply with the Court's Order.

On December 24, 2008, the Court entered an Order scheduling a hearing for January 29, 2009 to show cause why sanctions should not be imposed against Plaintiff for failure to comply with the December 4, 2008 Order.  The December 24, 2008 Order directed counsel for Defendant to provide a list of all expenses and fees incurred as a result of Plaintiff's failure.

---

[1] Plaintiff did not file a response to this motion.  Any such response would have been due by January 5, 2009.

The Order further required counsel for Plaintiff to forward a copy of the Order to his client and directed Plaintiff and his counsel to personally appear at the January 29, 2009 hearing. On December 30, 2008, counsel for Defendant filed his Itemization of Costs seeking monetary sanctions in the amount of $2,475.00.

Plaintiff's counsel and Plaintiff failed to appear at the hearing on January 29, 2009. After attempting to contact Plaintiff's counsel via telephone, the Court learned from his associate attorney that he was involved in an arbitration proceeding in Philadelphia. After acknowledging on the record that appropriate notice of the hearing had been given to all parties via electronic filing, and because no one from Plaintiff's counsel's office had informed the Court that they were unable to attend the hearing as scheduled, the Court proceeded with the hearing.

At the hearing, the Court placed on the record the procedural history of this matter. Thereafter, defense counsel argued that, based on this history, Plaintiff had shown no intent to proceed with this case and requested that the matter be dismissed in its entirety. Defense counsel also requested permission to amend his Itemization of Costs to include time spent in relation to attendance at the hearing and preparation for the hearing. The amount in which counsel for Defendant seeks monetary sanctions, therefore, increased to $3,119.00.

After the hearing had concluded, and the record of the hearing had been closed, the Court received a phone call from Plaintiff's counsel who requested an opportunity to address the Court. The Court subsequently held a telephone conference on the record with both counsel. During the conference, counsel for Plaintiff apologized for missing the hearing and advised that his staff did not receive notice of the hearing that had taken place earlier that day. Counsel for Plaintiff also admitted to the Court that he had difficulty communicating with the Plaintiff and had not heard from him since September 2008. With respect to notice, the Court reminded counsel for Plaintiff that notice of the hearing had been given via electronic notification to two e-mail addresses registered to counsel.[2] Moreover, the Court noted that Plaintiff had also failed to respond to Defendant's motion to dismiss filed December 18, 2008,[3] and Defendant's itemization of costs filed December 30, 2008. For these reasons, the Court declined to allow additional testimony, argument or briefing.

However, because it became clear to the Court that the Plaintiff himself had never actually received notice of the January 29, 2009 hearing, the Court entered an Order on February 2, 2009 scheduling a second hearing for February 5, 2009 so as to

---

[2] Counsel for Plaintiff did not dispute the e-mail addresses identified by the Court.

[3] Plaintiff's response to Defendant's motion to dismiss was required to be filed by January 5, 2009.

allow Plaintiff an additional opportunity to respond to the Court's rule to show cause order.  The Court notes that no discovery was exchanged and no attempt to prosecute this matter was made by Plaintiff in response to this Order or any other court order for that matter.  To the contrary, counsel for Plaintiff responded to this Order by serving a letter on the Court dated February 4, 2009, which stated, in pertinent part, as follows:

> I have received permission from my client to withdraw all federal claims, with prejudice. At that point, your Honor will no longer have jurisdiction over this case and we would then seek a remand of this case to the Lehigh County Court of Common Pleas.  I realize that Defendant still has the right to file a Motion for Sanctions notwithstanding the withdrawal of the federal claims.  By the same token, the Plaintiff also has a concomitant right to voluntarily withdraw his federal claims in the case at bar.
>
> I am sending this letter to your Honor in the hope that perhaps the hearing tomorrow will not be necessary, or, in the expectation that perhaps it can be rescheduled on a later date for consideration of other outstanding issues.

Both counsel for Plaintiff and Plaintiff were present at the February 5, 2009 hearing.  At the hearing, counsel for Plaintiff continued to provide the Court with explanations as to why no one was present on behalf of Plaintiff at the January 29, 2009 hearing.  After listening to Plaintiff, the Court made it clear, and defense counsel agreed, that Plaintiff's failure to

attend the January 29, 2009 hearing would not be sanctionable.[4] Although Plaintiff and his counsel provided explanation for their failure to attend the prior hearing, no reasons were given for Plaintiff's failure to provide discovery, his non-compliance with the Court's Order, or his failure to prosecute this case.  In fact, Plaintiff expressed, through his counsel, that he no longer wished to pursue his claims in federal court and requested that his federal claim be dismissed.

The day after the second hearing, on February 6, 2009, Plaintiff filed a Motion Seeking Voluntary Dismissal of Plaintiff's Action Pursuant to F.R.C.P. NO 41(a)(2).  Plaintiff's motion was not accompanied by a brief.  By this motion, Plaintiff moves for voluntary dismissal of his federal cause of action and requests that his state law cause of action arising under the Pennsylvania Human Relations Act be remanded to the Lehigh County Court of Common Pleas.  Defendant's Response in Opposition to Plaintiff's Motion Seeking Voluntary Dismissal was filed on February 13, 2009.  In response, Defendant avers that Plaintiff's efforts to avoid an adverse decision by attempting to dismiss his federal claims under Rule 41(a)(2) is improper under the Federal Rules of Civil Procedure.  In addition, Defendant contends that, even in the absence of federal claims, this Court has original

---

[4] This Memorandum, therefore, focuses on Plaintiff's continued noncompliance with our December 4, 2008 discovery order as well as Plaintiff's failure to prosecute.

jurisdiction of this action by virtue of diversity, 28 U.S.C. § 1332.

### III.     **LEGAL STANDARD**

Courts may dismiss actions and tax expenses as sanctions against a party who fails to obey a court order.  Fed. R. Civ. P. 37(b)(2)(A)(v).  Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **(b) Failure to Comply with a Court Order**.
>
> .   .   .
>
> **(2) *Sanctions in the District Where the Action Is Pending*.**
> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent - or a witness designated under Rule 30(b)(6) or 31(a)(4) - fails to obey an order to provide or permit discovery, including an order made under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> .   .   .

> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).  Rule 37 should not, however, "be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."  <u>Nat'l Hockey League v. Metro. Hockey Club</u>, 427 U.S. 639, 640 (1976)(quoting <u>Societe Internationale v. Rogers</u>, 357 U.S. 197, 212 (1958)).

The United States Court of Appeals for the Third Circuit ("Third Circuit") has stated that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 866 (3d Cir. 1984)(quoting <u>Donnelly v. Johns-Manville Sales Corp.</u>, 677 F.2d 339, 342 (3d Cir. 1982)).  Under <u>Poulis</u>, a court may enter default against a party as a sanction after considering the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether the party has a history of dilatoriness; (4) whether the

conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of all of alternative sanctions; and (6) the meritoriousness of the claim or defense.  747 F.2d at 867-68.  It is not necessary that each factor be satisfied for a sanction to be appropriate.  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988), cert. denied, 488 U.S. 1005 (1989).  These factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

**IV.     DISCUSSION**

    **A.     Application of the Poulis Factors.**

        1.     Plaintiff's Personal Responsibility.

In the present action, Plaintiff never responded to Defendant's discovery requests and Plaintiff's counsel never responded to defense counsel's attempts to contact him regarding outstanding discovery.  Further, Plaintiff's counsel admitted to the Court on two separate occasions that Plaintiff failed to respond to counsel's attempts to reach him regarding discovery responses or this matter in general.  Plaintiff is therefore personally responsible for his failure to respond and move this

case forward.

        2.    <u>Prejudice to the Adversary.</u>

Defendant has been prejudiced in that it has not been able to effectively prepare its defense of this matter without any initial disclosures or discovery responses. There has also been monetary prejudice to Defendant by Plaintiff's conduct in this matter. The Third Circuit has noted that prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." <u>Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994). In addition to the instant Motion, Defendant's counsel attempted to contact Plaintiff's counsel on numerous occasions in an effort to resolve discovery issues amicably and subsequently prepared two memorandum letters to theCourt regarding overdue discovery, which has never been answered. Defendant encountered lack of cooperation from the Plaintiff where the Plaintiff should cooperate under the Federal Rules. <u>Poulis</u>, 747 F.2d at 868 (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 633 (1962)).

        3.    <u>Plaintiff's History of Dilatoriness.</u>

Plaintiff has been dilatory throughout this litigation. The Third Circuit has stated that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as

consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874. Plaintiff failed to respond to Defendant's written discovery propounded over five months ago, and has also ignored this Court's Order directing him to respond. Plaintiff has offered no explanation or excuse for his failure to respond to discovery or comply with this Court's Order. Plaintiff's conduct has been dilatory.

        4.     Whether the Conduct of the Party or His Attorney Was Willful or in Bad Faith.

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." Id. In this matter, it is clear that counsel for Plaintiff never responded to defense counsel's written correspondence or phone calls. This lack of communication may have been due, in part, to Plaintiff's own lack of communication with his counsel. In fact, counsel for Plaintiff admitted on more than one occasion that he had not heard from his client for several months. We note, however, that counsel for Plaintiff did not aid Defendant's counsel or this Court by alerting us about his communication issues with Plaintiff until a significant period of time lapsed. Further, this Court notes that no

13

discovery was provided to Defendant and no attempt to prosecute this matter was made by Plaintiff since the filing of the Complaint.  This continued refusal to prosecute amounts to bad faith.

      5.    <u>Effectiveness of Sanctions Other Than Dismissal.</u>

The Third Circuit has held that "[w]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." <u>Briscoe v. Klaus</u>, 538 F.3d 252, 262 (3d Cir. 2008).  Although this Court also recommends that monetary sanctions should be imposed against Plaintiff, those sanctions alone are insufficient to alert Plaintiff that his conduct will not be tolerated by this Court.  Plaintiff's failure to respond to discovery, his continued disregard of this Court's Order and his continued failure to prosecute, all warrant dismissal of this action.

      6.    <u>Meritoriousness of the Claim.</u>

The final <u>Poulis</u> factor for this Court to examine is whether a claim appears to be meritorious.  The standard for meritoriousness is whether the allegations of the pleadings, when considered at trial, "would support recovery by plaintiff or would constitute a complete defense." <u>Poulis</u>, 747 F.2d at 870 (citations omitted).  Aside from his Complaint, Plaintiff has not put forth any information which would support his recovery, as he

has not presented any actual evidence of age discrimination.  We note further that, after investigating the claim, the Equal Employment Opportunity Commission was unable to conclude that any statute had been violated, and dismissed Plaintiff's charge.

    B.    **Balancing the Poulis Factors**.

    Finally, the foregoing factors are to be "weighed by the district courts in order to assure that the 'extreme end' sanction of dismissal or default is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.  In this case, the balance of factors weigh in favor of dismissal of this case.  Plaintiff's violations of the federal rules and this Court's discovery order have been persistent and flagrant and resulted in significant delay and waste of judicial resources without justification.  Thus, the facts of this case comply with the requirements of Poulis regarding dismissal for failure to comply with rules and orders of court.

    An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                    :
RONALD J. MAZZUCA,                  :
                                    :    CIVIL ACTION NO. 08-1967
              Plaintiff             :
                                    :
        vs.                         :
                                    :
U.S. SECURITY ASSOCIATES, INC.,     :
                                    :
              Defendant             :
_____ :
```

**ORDER**

**AND NOW**, this 3rd day of March, 2009, upon consideration of Defendant U.S. Security Associates, Inc.'s Motion to Dismiss and Memorandum in Support for Failure to Comply with Court's Order; for Failure to Prosecute, and for Sanctions (Dkt. No. 28) filed December 18, 2008; upon consideration of the Itemization of Costs (Dkt. No. 30) filed by Defendant on December 30, 2008; upon consideration of the Motion Seeking Voluntary Dismissal of Plaintiff's Action Pursuant to F.R.C.P. NO 41(a)(2) filed by Plaintiff on February 6, 2009; after hearings held January 29, 2009 and February 5, 2009; and for the reasons expressed in the foregoing Memorandum,

**IT IS ORDERED** that Defendant's motion to dismiss and for sanctions is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay to counsel for Defendant a sanction in the amount of $3,119.00, on

or before March 16, 2009.[1]

**IT IS FURTHER ORDERED** that this matter of <u>Ronald J. Mazzuca v. U.S. Security Associates, Inc.</u>, Civ. A. No. 08-1967, is **DISMISSED** with prejudice in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking voluntary dismissal is **DENIED** as moot.[2]

                                        BY THE COURT:


                                        */s/ Henry S. Perkin*
                                        HENRY S. PERKIN,
                                        United States Magistrate Judge

---

[1] This sanction represents reimbursement of counsel fees and expenses incurred by counsel for Defendant as a result of Plaintiff's failure to respond to discovery and comply with the Court's December 4, 2008 Order.

[2] Plaintiff's failure to comply with the local rules provides another reason for the denial of the motion. Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides that "[e]very motion not certified as uncontested, or not governed by Local Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." Any motion that comes before the court without a brief or memorandum of law in support of the motion may be dismissed out of hand for failure to comply with the Local Rules. See <u>SEC v. Going Platinum, Inc.</u>, No. Civ. A. 03-4191, 2004 U.S. Dist. LEXIS 20082 (E.D. Pa. Sept. 24, 2004)(Gardner, J.)(citing <u>United States Fidelity & Guar. Co. v. McAuliffe</u>, No. Civ. A. 94-4431, 1996 U.S. Dist. LEXIS 433 (E.D. Pa. Jan. 18, 1996).